IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO: 16-2022-CA-001656

ANTHONY CLADD

    Plaintiff,

vs.

TA OPERATING LLC

    Defendant.                    /

## AMENDED COMPLAINT

Plaintiff, ANTHONY CLADD by and through the undersigned counsel, hereby sues Defendant, TA OPERATING LLC and alleges as follows:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees. The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiff, ANTHONY CLADD, is a natural person residing in Duval County, Florida.

3. At all times material to this action, Defendant, TA OPERATING LLC is a Delaware profit corporation licensed to do business in the State of Florida.

4. At all times material hereto, Defendant, TA OPERATING LLC was the owner and in possession of that certain business located at 1024 US 301 Baldwin, Florida 32234, open to the general public, including the Plaintiff herein.

5. On or about February 28, 2021, Plaintiff, ANTHONY CLADD, visited Defendant's premises located at the above address as a business invitee and/or guest.

6. At said time and place, Plaintiff, ANTHONY CLADD was a lawfully guest upon the premises of the Defendant, TA OPERATING LLC who owed Plaintiff a nondelegable duty to exercise reasonable care for his safety.

## COUNT I – CLAIM FOR PREMISES LIABILITY
## AGAINST DEFENDANT, TA OPERATING LLC

7. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

8. At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on their premises.

9. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the shower drain, causing significant back up and thus creating a significant slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

   b) Negligently creating a slip and fall hazard to members of the public utilizing said premises, including the Plaintiff herein, due to clogged shower drain and lack of anti-slip surface, thus creating an unreasonably dangerous condition for Plaintiff;

   c) Negligently failing to inspect or adequately inspect the shower drain, as specified above, to ascertain whether the shower floor, which was poorly maintained, constituted a hazard to patrons utilizing said shower area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

   d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the shower drain backing up and lack of non-slip surface of shower floor, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

   e) Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the shower drain backing up and slippery shower floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

  f)  Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the shower for dangerous conditions;

  g)  Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the shower for dangerous conditions;

  h)  Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

  i)  Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the shower floor despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

  j)  Negligently failing to assign specific associates/employees to the task of solely monitoring the showers in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

  k)  Negligently failing to act reasonably under the circumstances;

  l)  Negligently failing to install, maintain and provide a safe flooring surface within showers of the subject premises; and,

  m)  Negligently selecting and/or utilizing shower flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known slips were likely to occur on the flooring.

10. As a result, while Plaintiff was visiting Defendant's business, while showering at T&A truck stop the water wasn't draining and he slipped and fell in the shower, sustaining significant personal injuries.

11. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, ANTHONY CLADD sues the Defendant, TA OPERATING LLC for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

*/s/ Joshua W. Taylor*
**Joshua W. Taylor, Esquire**
**FBN 28542**
Morgan & Morgan, P.A.
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Telephone: (904) 361-7266
Facsimile: (904) 366-7026
Primary email: jtaylor@forthepeople.com
Secondary email: aadams@forthepeople.com
*Attorneys for Plaintiff*