Filing # 146425957 E-Filed 03/25/2022 11:30:33 AM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.      **CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>FOURTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>DUVAL</u>   COUNTY, FLORIDA

<u>ANTHONY CLADD</u>
Plaintiff

vs.

<u>T&A TRAVEL SERVICES INC</u>
Defendant

Case # _____
Judge  _____

II.      **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

III.      **TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

EXHIBIT

**A**

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Joshua W Taylor          Fla. Bar # 28542
      Attorney or party               (Bar # if attorney)

Joshua W Taylor             03/25/2022
  (type or print name)          Date

Filing # 146425957 E-Filed 03/25/2022 11:30:33 AM

## IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

### CASE NO:

ANTHONY CLADD

      **Plaintiff,**

**vs.**

T & A TRAVEL SERVICES INC

      **Defendant.**        /

### <u>COMPLAINT</u>

Plaintiff, ANTHONY CLADD by and through the undersigned counsel, hereby sues Defendant, T&A TRAVEL SERVICES INC and alleges as follows:

1.      This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees. The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.      Plaintiff, ANTHONY CLADD, is a natural person residing in Duval County, Florida.

3.      At all times material to this action, Defendant, T&A TRAVEL SERVICES INC is a Florida profit corporation licensed to do business in the State of Florida.

4.      At all times material hereto, Defendant, T&A TRAVEL SERVICES INC., was the owner and in possession of that certain business located at 1024 US 301 Baldwin, Florida 32234, open to the general public, including the Plaintiff herein.

5.      On or about February 28, 2021, Plaintiff, ANTHONY CLADD, visited Defendant's premises located at the above address as a business invitee and/or guest.

6.      At said time and place, Plaintiff, ANTHONY CLADD was a lawfully guest upon the premises of the Defendant, T&A TRAVEL SERVICES INC who owed Plaintiff a nondelegable duty to exercise reasonable care for his safety.

## COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, T&A TRAVEL SERVICES INC

7.      Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

8.      At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on their premises.

9.      At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a)      Negligently failing to maintain or adequately maintain the shower drain, causing significant back up and thus creating a significant slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

b)      Negligently creating a slip and fall hazard to members of the public utilizing said premises, including the Plaintiff herein, due to clogged shower drain and lack of anti-slip surface, thus creating an unreasonably dangerous condition for Plaintiff;

c)      Negligently failing to inspect or adequately inspect the shower drain, as specified above, to ascertain whether the shower floor, which was poorly maintained, constituted a hazard to patrons utilizing said shower area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d)      Negligently failing to inspect or adequately warn the Plaintiff of the danger of the shower drain backing up and lack of non-slip surface of shower floor, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e)      Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the shower drain backing up and slippery shower floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f)      Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the shower for dangerous conditions;

g)      Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the shower for dangerous conditions;

h)      Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)      Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the shower floor despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j)      Negligently failing to assign specific associates/employees to the task of solely monitoring the showers in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k)      Negligently failing to act reasonably under the circumstances;

l)      Negligently failing to install, maintain and provide a safe flooring surface within showers of the subject premises; and,

m)      Negligently selecting and/or utilizing shower flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known slips were likely to occur on the flooring.

10.     As a result, while Plaintiff was visiting Defendant's business, while showering at T&A truck stop the water wasn't draining and he slipped and fell in the shower, sustaining significant personal injuries.

11.     As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, ANTHONY CLADD sues the Defendant, T&A TRAVEL SERVICES INC for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

*/s/ Joshua W. Taylor*

**Joshua W. Taylor, Esquire**
**FBN 28542**
Morgan & Morgan, P.A.
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Telephone: (904) 361-7266
Facsimile: (904) 366-7026
Primary email: jtaylor@forthepeople.com
Secondary email: aadams@forthepeople.com
*Attorneys for Plaintiff*

Filing # 146425957 E-Filed 03/25/2022 11:30:33 AM

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT,  IN AND FOR
DUVAL COUNTY,  FLORIDA

CASE NO:

ANTHONY CLADD

      **Plaintiff,**

vs.

T&A TRAVEL SERVICES, INC.,

      **Defendant.** _____ /

<u>SUMMONS</u>

THE STATE OF FLORIDA:
To Each Sheriff of Said State:
YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or
Petition, Interrogatories, Request fir Production and Request for Admissions in the above-styled
case upon the Defendant:

                By Serving: **T&A TRAVEL SERVICES INC.**
                            **ATTN: Registered Agent / Corporate Representative**
                            **4815 East Blush BLV**
                            **Tampa, FL 33617**

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's
attorney, to wit:         **JOSHUA W. TAYLOR, ESQUIRE**
      whose address is:   **MORGAN & MORGAN, P.A.**
                          **76 SOUTH LAURA STREET, STE 1100**
                          **JACKSONVILLE, FL  32202**
                          **(904) 361-7266  Telephone**
                          **(904) 366-7026  Facsimile**

within 20 days after service of this summons on that defendant/respondent, exclusive of the day of
service, and to file the original of the defenses with the Clerk of this court either before service on
plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered
against that defendant for the relief demanded in the complaint or petition.

      DATED ON <u>Mar 25 2022</u>, 2022.       Jody Phillips
                                          As Clerk of said Court

                                        BY: *Christine Kent*
                                        As Deputy Clerk
                                        (Court Seal)

Filing # 146425957 E-Filed 03/25/2022 11:30:33 AM

## IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

### CASE NO:

ANTHONY CLADD

      **Plaintiff,**

vs.

T&A TRAVEL SERVICES INC

      **Defendant.** _____ /

### PLAINTIFFS' NOTICE OF SERVING INTERROGATORIES TO DEFENDANT T&A TRAVEL SERVICES INC

Plaintiffs ANTHONY CLADD, by and through their attorneys MORGAN & MORGAN, hereby file this Notice of Service of Interrogatories upon Defendant T&A TRAVEL SERVICES INC., ("Defendant") to be answered in writing and under oath.

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished to the Defendant, together with the Summons and Complaint.

/s/ Joshua W. Taylor
_____
**Joshua W. Taylor, Esquire**
**FBN 28542**
Morgan & Morgan, P.A.
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: jtaylor@forthepeople.com
Secondary email: aadams@forthepeople.com
*Attorneys for Plaintiff*

Filing # 146425957 E-Filed 03/25/2022 11:30:33 AM

**IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT,  IN AND FOR
DUVAL COUNTY,  FLORIDA**

**CASE NO:**

ANTHONY CLADD

      **Plaintiff,**

vs.

T&A TRAVEL SERVICES  INC.,

      **Defendant.** _____   /

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT**

      Plaintiff, ANTHONY CLADD by and through the undersigned counsel, hereby requests that Defendant, T&A TRAVEL SERVICES INC, produce for inspection or copying the documents set forth below.   Defendant shall produce these documents at 76 S. Laura Street, Suite 1100, Jacksonville, FL 32202 within forty-five (45) days after service of this Request for Production.

**I. Definitions**

      A.    As used throughout this Request to Produce, the following terms are defined as follows:

      B.    "Document" is used in the broad sense and means any tangible object or thing that contains, conveys, or records information. Production is required of the <u>original</u>, or any copy if the original is not available, of any book, record, minutes of meetings, reports and/or summaries of interviews, reports and/or summaries of investigations; opinions or reports of consultants; opinions of counsel; communications of any nature, including internal company communications, memoranda, telegrams, telexes, letters, notes of telephone conferences, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press

releases, drafts and revisions of drafts of documents, any written, printed, typed or other graphic matter of any kind or nature, drawings, photographs, paper, communication, chart, tap, disk, card, wire or other electronic or mechanical recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

C.     "Document" also includes copies containing information <u>in addition to that contained on the original</u> (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

D.     If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

E.     "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

F.     "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and

predecessors as well as all of its directors, officers, principals, partners, employees, agents, representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

      G.     "Statement" means (1) any written statement made any a person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

      H.     As may be used in these Request "and" is conjunctive (meaning, e.g., A and B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

      I.     As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design, logo, title, or slogan used to identify the source of origin of products or services. References to 'products" or "goods" shall be considered to include services.

## II. Claim of Privilege

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

      1.     Description sufficient to identify.

      2.     The date(s).

      3.     The subject matter(s).

      4.     The sender(s) or author(s).

5.      The recipient(s).

6.      The persons to whom copies were furnished, together with their job titles.

7.      The present depository or person having custody of the document.

8.      The nature and basis of privilege or immunity claimed.

9.      The paragraph(s) of this request to which each such document or statement relates or corresponds.

### III.  Grouping or Numbering of Items Produced.

Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

### IV.  Place, time, and manner of response.

A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce, and shall be made at the offices of Morgan & Morgan, P.A., 76 S. Laura Street Suite 1100, Jacksonville, FL 32202, or at such other place as the parties may agree.  Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

**DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:**

1.      All statements made by any witnesses to the subject accident at the subject place of business located at **1024 US 301 Baldwin, Florida 32234**

2.      All statements made by the Plaintiff pertaining to or concerning the subject matter.

3.      All photographs of the area involved in the subject accident.

4

4.      A copy of any and all insurance agreements, insurance policies or agreements of any kind of nature under which any person or company carrying on an insurance business may be liable to satisfy part of all of a judgment that may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

5.      A copy of any incident/accident report or other documents done in the ordinary course of business containing information about the incident alleged in the Complaint, completed by you, or your agents, representatives, or employees surrounding the subject accident.

6.      Any and all inspection or check-off sheets or other documents showing who performed inspections, what kind of inspections were performed, the times of the inspections or other information about the inspections that might have been done on the date of the subject accident, as well as the five (5) days before that date in the area where the Plaintiff fell.

7.      Any and all documents relating to any inspections that may have been done on the date of the subject accident, the five (5) days before that date and the five (5) days after that date at the Defendant's premises.

8.      Time sheets, clock cards or any other documents showing the hours and time worked by any employees working on the date of the subject accident, with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises.

9.      Inspection sheets and/or and other documents for inspections that were used on the date of the subject accident, or that are now used by employees at Defendant's premises, for inspections.

10.     A true and correct copy of any contracts or agreement with any entity used by Defendant with any responsibilities for inspecting your premises for dangerous conditions or for training your employees about such.

11.     A true and correct copy of any and all written inspection, maintenance procedures or policies in place on the date of the subject accident, at Defendant's premises.

12.     A true and correct copy of any and all safety manuals or videos, inspection manuals or videos or training manuals or videos that any employee who was working on the date of the subject accident, with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises may have received from Defendant.

13.     A true and correct copy of your written procedure for inspection of the showers that was in existence on the date of the subject accident.

14.     A true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions, of all employees working for the Defendant with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises.

15.     A true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions of all employees on duty at the subject location on the date of the subject accident.

16.     A true and correct copy of any and all documents provided to the employees of the Defendant who were on duty on the date of the subject accident, explaining maintenance, cleaning, inspection, and safety precautions at Defendant's premises.

17.     A true and correct copy of any and all written complaints or documents showing claims or complaints made as to employees and/or customers falling or slipping on in the shower on Defendant's premises within the last five (5) years in a manner substantially similar to that alleged in the Complaint.

18.     A true and correct copy of any and all photographs taken of the accident scene.

19.     All reports regarding the testing and coefficient of friction of the floor surface and/or flooring in the area where the subject incident is alleged to have occurred.

20.     List of all slip and falls that occurred in the showers at the subject location for the three (year) period of time immediately preceding the subject incident.  (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location in premises where incident occurred and (iii) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

21.     List of all slip and falls that occurred in the showers at all locations statewide for the three (year) period of time immediately preceding the subject incident.  (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location at which incident occurred, (iii) location in premises where incident occurred and (iv) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

22.     List of all slip and falls that occurred in the showers at all locations nationwide for the three (year) period of time immediately preceding the subject incident.  (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location at which incident occurred, (iii) location in premises where incident occurred and (iv) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished to the Defendant, together with the Summons and Complaint.

/s/ Joshua W. Taylor

**Joshua W. Taylor, Esquire**
**FBN 28542**
Morgan & Morgan, P.A.
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: jtaylor@forthepeople.com
Secondary email: aadams@forthepeople.com
*Attorneys for Plaintiff*



**JODY PHILLIPS**

# RECEIPT
4116556

CLERK OF THE CIRCUIT AND COUNTY COURTS
JACKSONVILLE, DUVAL COUNTY, FLORIDA

Printed On:
03/25/2022 12:54
Page 1 of 1

| Receipt Number: 4116556 - Date 03/25/2022  Time 12:54PM | | | |
|---|---|---|---|
| **Received of:** | Joshua W Taylor<br>1904 N SHERRY DRIVE<br>ATLANTIC BEACH, FL 32233 | | |
| **Cashier Name:** | EFile | **Balance Owed:** | 411.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 411.00 |
| **Receipt ID:** | 7458544 | **Remaining Balance:** | 0.00 |
| **Division:** | CV-E(Circuit Court) | | |

| Case# 16-2022-CA-001656-XXXX-MA -- PLAINTIFF: CLADD, ANTHONY | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 411.00 | 411.00 | 0.00 |
| **Case Total** | **411.00** | **411.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFILING | 3253634 | **411.00** |
| **Total Received** | | **411.00** |
| **Total Paid** | | **411.00** |

## The clerk of courts is here to help you.

| We can be found online at: | **WWW.DUVALCLERK.COM** |
|---|---|
| The main courthouse Location is: | **Clerk of the Circuit and County Courts**<br>**Duval County, Florida**<br>501 West Adams Street<br>Jacksonville, Florida 32202 |
| The main telephone number is: | 904-255-2000 |
| Other Locations: | **Neptune Beach Courthouse Annex**<br>1543 Atlantic Blvd<br>Neptune Beach, Florida 32266 |

Case 3:22-cv-00517-BJD-PDB   Document 1-3   Filed 05/09/22   Page 19 of 36 PageID 33

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO: 16-2022-CA-001656

ANTHONY CLADD

      Plaintiff,

vs.

T&A TRAVEL SERVICES, INC

      Defendant.

_____

**NOTICE OF DROPPING PARTY, DEFENDANT, T&A TRAVEL SERVICES INC,
WITH PREJUDICE**

**COMES NOW** Plaintiff, **ANTHONY CLADD,** by and through the undersigned counsel,

and, pursuant to Florida Rule of Civil Procedure 1.250(b), hereby files this notice of dropping party,

Defendant, **T&A TRAVEL SERVICES, INC** as a party from the above-captioned matter with

prejudice.

      **I HEREBY CERTIFY** that a true copy of the foregoing has been furnished to the Defendant, via

the Florida Courts E-Filing Portal on this 12th day of April, 2022

                                */s/ Joshua W. Taylor*
                                **Joshua W. Taylor, Esquire**
                                **FBN 28542**
                                Morgan & Morgan, P.A.
                                76 South Laura Street, Suite 1100
                                Jacksonville, FL 32202
                                Telephone: (904) 361-7266
                                Facsimile: (904) 366-7026
                                Primary email: jtaylor@forthepeople.com
                                Secondary email: aadams@forthepeople.com
                                *Attorneys for Plaintiff*

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO: 16-2022-CA-001656

ANTHONY CLADD

       **Plaintiff,**

**vs.**

TA OPERATING LLC

       Defendant.            /

## AMENDED COMPLAINT

Plaintiff, ANTHONY CLADD by and through the undersigned counsel, hereby sues Defendant, TA OPERATING LLC and alleges as follows:

1.     This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees. The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.     Plaintiff, ANTHONY CLADD, is a natural person residing in Duval County, Florida.

3.     At all times material to this action, Defendant, TA OPERATING LLC is a Delaware profit corporation licensed to do business in the State of Florida.

4.     At all times material hereto, Defendant, TA OPERATING LLC was the owner and in possession of that certain business located at 1024 US 301 Baldwin, Florida 32234, open to the general public, including the Plaintiff herein.

5.     On or about February 28, 2021, Plaintiff, ANTHONY CLADD, visited Defendant's premises located at the above address as a business invitee and/or guest.

6.       At said time and place, Plaintiff, ANTHONY CLADD was a lawfully guest upon the premises of the Defendant, TA OPERATING LLC who owed Plaintiff a nondelegable duty to exercise reasonable care for his safety.

## COUNT I – CLAIM FOR PREMISES LIABILITY
## AGAINST DEFENDANT, TA OPERATING LLC

7.       Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

8.       At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on their premises.

9.       At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a)       Negligently failing to maintain or adequately maintain the shower drain, causing significant back up and thus creating a significant slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

b)       Negligently creating a slip and fall hazard to members of the public utilizing said premises, including the Plaintiff herein, due to clogged shower drain and lack of anti-slip surface, thus creating an unreasonably dangerous condition for Plaintiff;

c)       Negligently failing to inspect or adequately inspect the shower drain, as specified above, to ascertain whether the shower floor, which was poorly maintained, constituted a hazard to patrons utilizing said shower area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d)       Negligently failing to inspect or adequately warn the Plaintiff of the danger of the shower drain backing up and lack of non-slip surface of shower floor, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e)       Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the shower drain backing up and slippery shower floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f)      Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the shower for dangerous conditions;

g)      Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the shower for dangerous conditions;

h)      Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)      Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the shower floor despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j)      Negligently failing to assign specific associates/employees to the task of solely monitoring the showers in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k)      Negligently failing to act reasonably under the circumstances;

l)      Negligently failing to install, maintain and provide a safe flooring surface within showers of the subject premises; and,

m)      Negligently selecting and/or utilizing shower flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known slips were likely to occur on the flooring.

10.      As a result, while Plaintiff was visiting Defendant's business, while showering at T&A truck stop the water wasn't draining and he slipped and fell in the shower, sustaining significant personal injuries.

11.      As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, ANTHONY CLADD sues the Defendant, TA OPERATING LLC for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

*/s/ Joshua W. Taylor*
_____
**Joshua W. Taylor, Esquire**
**FBN 28542**
Morgan & Morgan, P.A.
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Telephone: (904) 361-7266
Facsimile: (904) 366-7026
Primary email: jtaylor@forthepeople.com
Secondary email: aadams@forthepeople.com
*Attorneys for Plaintiff*

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO: 16-2022-CA-001656

ANTHONY CLADD

      Plaintiff,

vs.

TA OPERATING LLC,

_____ /
      Defendant.

<u>SUMMONS</u>

THE STATE OF FLORIDA:
To Each Sheriff of Said State:
YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or
Petition, Interrogatories, Request fir Production and Request for Admissions in the above-styled
case upon the Defendant:

      By Serving: **TA OPERATING LLC**
               **ATTN: Registered Agent – Corporation Service Co.**
               **1201 Hays Street**
               **Tallahassee, FL 32301-2525**

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's
attorney, to wit: **JOSHUA W. TAYLOR, ESQUIRE**
      whose address is: **MORGAN & MORGAN, P.A.**
               **76 SOUTH LAURA STREET, STE 1100**
               **JACKSONVILLE, FL 32202**
               **(904) 361-7266 Telephone**
               **(904) 366-7026 Facsimile**

within 20 days after service of this summons on that defendant/respondent, exclusive of the day of
service, and to file the original of the defenses with the Clerk of this court either before service on
plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered
against that defendant for the relief demanded in the complaint or petition.

DATED ON _____Apr 13_____, 2022.
               Jody Phillips
               As Clerk of said Court

               BY: _____
               As Deputy Clerk
               (Court Seal)

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO: 16-2022-CA-001656

ANTHONY CLADD

        Plaintiff,

vs.

TA OPERATING LLC

        Defendant.           /

**PLAINTIFFS' NOTICE OF SERVING INTERROGATORIES TO
DEFENDANT TA OPERATING LLC**

Plaintiffs ANTHONY CLADD, by and through their attorneys MORGAN & MORGAN, hereby

file this Notice of Service of Interrogatories upon Defendant TA OPERATING LLC,

("Defendant") to be answered in writing and under oath.

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished to the Defendant, together with

the Summons and Complaint.

                                 */s/ Joshua W. Taylor*
                                 **Joshua W. Taylor, Esquire**
                                 **FBN 28542**
                                 Morgan & Morgan, P.A.
                                 76 South Laura Street, Suite 1100
                                 Jacksonville, FL 32202
                                 Primary email: jtaylor@forthepeople.com
                                 Secondary email: aadams@forthepeople.com
                                 *Attorneys for Plaintiff*

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT,  IN AND FOR
DUVAL COUNTY,  FLORIDA

CASE NO:  16-2022-CA-001656

ANTHONY CLADD

        Plaintiff,

vs.

TA OPERATING LLC,

        Defendant.                /

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff, ANTHONY CLADD by and through the undersigned counsel, hereby requests that Defendant, TA OPERATING LLC, produce for inspection or copying the documents set forth below.  Defendant shall produce these documents at 76 S. Laura Street, Suite 1100, Jacksonville, FL 32202 within forty-five (45) days after service of this Request for Production.

### I. Definitions

A.    As used throughout this Request to Produce, the following terms are defined as follows:

B.    "Document" is used in the broad sense and means any tangible object or thing that contains, conveys, or records information. Production is required of the <u>original</u>, or any copy if the original is not available, of any book, record, minutes of meetings, reports and/or summaries of interviews, reports and/or summaries of investigations; opinions or reports of consultants; opinions of counsel; communications of any nature, including internal company communications, memoranda, telegrams, telexes, letters, notes of telephone conferences, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press

releases, drafts and revisions of drafts of documents, any written, printed, typed or other graphic matter of any kind or nature, drawings, photographs, paper, communication, chart, tap, disk, card, wire or other electronic or mechanical recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

C.    "Document" also includes copies containing information <u>in addition to that contained on the original</u> (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

D.    If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

E.    "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

F.    "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and

predecessors as well as all of its directors, officers, principals, partners, employees, agents, representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

   G. "Statement" means (1) any written statement made any a person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

   H. As may be used in these Request "and" is conjunctive (meaning, e.g., A <u>and</u> B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

   I. As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design, logo, title, or slogan used to identify the source of origin of products or services. References to 'products" or "goods" shall be considered to include services.

## II. Claim of Privilege

  If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

   1. Description sufficient to identify.

   2. The date(s).

   3. The subject matter(s).

   4. The sender(s) or author(s).

5.      The recipient(s).

6.      The persons to whom copies were furnished, together with their job titles.

7.      The present depository or person having custody of the document.

8.      The nature and basis of privilege or immunity claimed.

9.      The paragraph(s) of this request to which each such document or statement

relates or corresponds.

### III.  Grouping or Numbering of Items Produced.

Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

### IV.  Place, time, and manner of response.

A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce, and shall be made at the offices of Morgan & Morgan, P.A., 76 S. Laura Street Suite 1100, Jacksonville, FL 32202, or at such other place as the parties may agree.  Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

### DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:

1.      All statements made by any witnesses to the subject accident at the subject place of business located at **1024 US 301 Baldwin, Florida 32234**

2.      All statements made by the Plaintiff pertaining to or concerning the subject matter.

3.      All photographs of the area involved in the subject accident.

4

4.     A copy of any and all insurance agreements, insurance policies or agreements of any kind of nature under which any person or company carrying on an insurance business may be liable to satisfy part of all of a judgment that may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

5.     A copy of any incident/accident report or other documents done in the ordinary course of business containing information about the incident alleged in the Complaint, completed by you, or your agents, representatives, or employees surrounding the subject accident.

6.     Any and all inspection or check-off sheets or other documents showing who performed inspections, what kind of inspections were performed, the times of the inspections or other information about the inspections that might have been done on the date of the subject accident, as well as the five (5) days before that date in the area where the Plaintiff fell.

7.     Any and all documents relating to any inspections that may have been done on the date of the subject accident, the five (5) days before that date and the five (5) days after that date at the Defendant's premises.

8.     Time sheets, clock cards or any other documents showing the hours and time worked by any employees working on the date of the subject accident, with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises.

9.     Inspection sheets and/or and other documents for inspections that were used on the date of the subject accident, or that are now used by employees at Defendant's premises, for inspections.

10.     A true and correct copy of any contracts or agreement with any entity used by Defendant with any responsibilities for inspecting your premises for dangerous conditions or for training your employees about such.

11.     A true and correct copy of any and all written inspection, maintenance procedures or policies in place on the date of the subject accident, at Defendant's premises.

12.     A true and correct copy of any and all safety manuals or videos, inspection manuals or videos or training manuals or videos that any employee who was working on the date of the subject accident, with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises may have received from Defendant.

13.     A true and correct copy of your written procedure for inspection of the showers that was in existence on the date of the subject accident.

14.     A true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions, of all employees working for the Defendant with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises.

15.     A true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions of all employees on duty at the subject location on the date of the subject accident.

16.     A true and correct copy of any and all documents provided to the employees of the Defendant who were on duty on the date of the subject accident, explaining maintenance, cleaning, inspection, and safety precautions at Defendant's premises.

17.     A true and correct copy of any and all written complaints or documents showing claims or complaints made as to employees and/or customers falling or slipping on in the shower on Defendant's premises within the last five (5) years in a manner substantially similar to that alleged in the Complaint.

18.     A true and correct copy of any and all photographs taken of the accident scene.

19.     All reports regarding the testing and coefficient of friction of the floor surface and/or flooring in the area where the subject incident is alleged to have occurred.

20.     List of all slip and falls that occurred in the showers at the subject location for the three (year) period of time immediately preceding the subject incident.   (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location in premises where incident occurred and (iii) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

21.     List of all slip and falls that occurred in the showers at all locations statewide for the three (year) period of time immediately preceding the subject incident.   (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location at which incident occurred, (iii) location in premises where incident occurred and (iv) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

22.     List of all slip and falls that occurred in the showers at all locations nationwide for the three (year) period of time immediately preceding the subject incident.   (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location at which incident occurred, (iii) location in premises where incident occurred and (iv) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished to the Defendant, together with the Summons and Complaint.

*/s/ Joshua W. Taylor*
_____
**Joshua W. Taylor, Esquire**
**FBN 28542**
Morgan & Morgan, P.A.
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Primary email: jtaylor@forthepeople.com
Secondary email: aadams@forthepeople.com
*Attorneys for Plaintiff*

1



**JODY PHILLIPS**

# RECEIPT
4129711

CLERK OF THE CIRCUIT AND COUNTY COURTS
JACKSONVILLE, DUVAL COUNTY, FLORIDA

Printed On:
04/13/2022 12:39
Page 1 of 1

| Receipt Number: 4129711 - Date 04/13/2022  Time 12:39PM | | | |
|---|---|---|---|
| **Received of:** | Joshua W Taylor 1904 N SHERRY DRIVE ATLANTIC BEACH, FL 32233 | | |
| **Cashier Name:** | EFile | **Balance Owed:** | 10.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 10.00 |
| **Receipt ID:** | 7472794 | **Remaining Balance:** | 0.00 |
| **Division:** | CV-E(Circuit Court) | | |

| Case# 16-2022-CA-001656-XXXX-MA -- PLAINTIFF: CLADD, ANTHONY | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 10.00 | 10.00 | 0.00 |
| **Case Total** | **10.00** | **10.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFILING | 3433391 | **10.00** |
| **Total Received** | | **10.00** |
| **Total Paid** | | **10.00** |

## The clerk of courts is here to help you.

| We can be found online at: | **WWW.DUVALCLERK.COM** |
|---|---|
| The main courthouse Location is: | **Clerk of the Circuit and County Courts** **Duval County, Florida** 501 West Adams Street Jacksonville, Florida 32202 |
| The main telephone number is: | 904-255-2000 |
| Other Locations: | **Neptune Beach Courthouse Annex** 1543 Atlantic Blvd Neptune Beach, Florida 32266 |

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

ANTHONY CLADD,                      )
                                    )
            Plaintiff,              )    Case No.: 16-2022-CA-001656-XXXX-MA
                                    )
vs.                                 )    Division: CV-E
                                    )
T&A TRAVEL SERVICES INC.,)
                                    )
            Defendant.              )
_____)

NOTICE OF APPEARANCE AS ATTORNEY FOR DEFENDANT,
T&A TRAVEL SERVICES INC.

Comes now BRUCE J. SPERRY, Esquire, of the firm Sperry Law
Firm, and files this his Notice of Appearance as Attorney for the
Defendant, T&A TRAVEL SERVICES INC., and requests that all further
pleadings directed to said Defendant be mailed to the undersigned.

Respectfully submitted,

SPERRY LAW FIRM

By: /s/ Bruce J. Sperry
    Bruce J. Sperry, Esquire
    Florida Bar No. 312355
    BJSPERRY@SPERRYLAW-PC.COM
    Benjamin C. Sperry, Esquire
    Florida Bar No. 084710
    BCSPERRY@SPERRYLAW-PC.COM
    1607 S. Alexander St., Ste. 101
    Plant City, Florida 33563-8421
    Telephone: (813) 754-3030
    Attorneys for Defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via
the Florida efiling portal this 25th day of April, 2022, to JOSHUA
W. TAYLOR, Esquire, Morgan & Morgan, P.A., Attorney for Plaintiff,
76 South Laura Street, Suite 1100, Jacksonville, Florida 32202.

                                /s/ Bruce J. Sperry
cp\lit\C\3851a1.not             BRUCE J. SPERRY

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

ANTHONY CLADD,                    )
                                  )
            Plaintiff,            )      Case No.: 16-2022-CA-001656-XXXX-MA
                                  )
vs.                               )      Division: CV-E
                                  )
T&A TRAVEL SERVICES INC.,         )
                                  )
            Defendant.            )
_____)

## NOTICE OF COMPLIANCE WITH RULE 2.516(b)(1) AND DESIGNATION OF EMAIL ADDRESSES

Defendant, T&A TRAVEL SERVICES INC., by and through its undersigned counsel, files this Notice of Compliance with Rule of Judicial Administration 2.516(b)(1) and Designation of Email Address, and designates the following email addresses for its counsel of record:

Primary: BJSPERRY@SPERRYLAW-PC.COM

Secondary: PLEADINGS@SPERRYLAW-PC.COM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via the Florida efiling portal this 25th day of April, 2022, to JOSHUA W. TAYLOR, Esquire, Morgan & Morgan, P.A., Attorney for Plaintiff, 76 South Laura Street, Suite 1100, Jacksonville, Florida 32202.

Respectfully submitted,

SPERRY LAW FIRM

By: /s/ Bruce J. Sperry
        Bruce J. Sperry, Esquire
        Florida Bar No. 312355
        BJSPERRY@SPERRYLAW-PC.COM
        Benjamin C. Sperry, Esquire
        Florida Bar No. 084710
        BCSPERRY@SPERRYLAW-PC.COM
        1607 S. Alexander St., Ste. 101
        Plant City, Florida 33563-8421
        Telephone: (813) 754-3030
        Attorneys for Defendant

cp\lit\C\3851a2.not